IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | * | |
|---|---|---|
| | * | |
| v. | * | Criminal No. JFM-05-0165 |
| | * | Civil No. JFM-11-478 |
| | * | |
| MARK PHILLIPS | * | |

*****

MEMORANDUM

Defendant has filed this action under 28 U.S.C. §2255 seeking to have his conviction set aside. Defendant was sentenced to a prison term of 121 months after having been convicted (after a multi-week jury trial) of various varieties of fraud. Defendant's conviction was affirmed on appeal.

In his present motion defendant alleges that his trial counsel, Sol Wisenberg, was ineffective in three respects. Mr. Wisenberg is an extremely experienced criminal lawyer who was privately retained by defendant. He was not ineffective in any respect. Accordingly, defendant's motion will be denied.

1. Not Retaining A Computer Forensics Expert In Connection
   With An Issue Raised During A Pretrial Suppression Hearing

As just stated, Mr. Wisenberg was privately retained by defendant. Nevertheless, defendant contends that Mr. Wisenberg should have sought to have a computer forensic expert retained to testify for him under 18 U.S.C. §3006(A). In more than twenty-five years on the bench, I have never been requested to have an expert retained at government expense on behalf of a defendant who has privately retained counsel. Assuming, however, that such a request would be appropriate, I would have denied it. Under §3006(A) appointment of an attorney, or an

investigator or expert, is to be made at government expense only if such an appointment is necessary to afford "adequate representation" to a defendant. Here, defendant has made no showing that a computer forensic expert would have been necessary to provide him with adequate representation. Defendant, who himself professes to be an expert in computers, raised an issue at the pretrial suppression hearing concerning whether the government had tampered with his computer files because some files contained dates that were after defendant had been arrested and no longer had access to his computer. The issues raised by defendant were the subject of a continued motions hearing during which a computer forensic expert presented by the government explained how the oddities spotted by defendant occurred. Moreover, defendant has never produced any evidence that any alleged tampering by the government resulted in the changing of the content of any file. Against this background, the hiring of a computer forensics expert at the government's expense clearly was not necessary to provide him with adequate representation during the pretrial suppression hearing.[1]

 2. <u>Failure To Object To Certain Business Records</u>

Local Rule 107.5.b provides as follows:

> Unless otherwise ordered by the Court or unless counsel requests that a particular exhibit be marked for identification only, whenever an exhibit number is first mentioned by counsel during the examination of a witness at trial, the exhibit shall be deemed to be admitted into evidence unless opposing counsel then asserts an objection to it.

The purpose of this Rule is to save time by not requiring the establishment of an

---

1 It is also to be noted that defendant has utterly failed to prove that he was prejudiced in any way by the failure of Mr. Wisenberg to seek the appointment of a computer forensics expert at the government's expense. Only two exhibits from defendant's computer files were introduced into evidence at trial. One of these exhibits was an email chain that one of defendant's victims, who testified at trial, identified as correspondence between himself and the defendant. The other exhibit was a disk containing files extracted from the computer by conducting a word search. Nothing in the record indicates that this exhibit was ever discussed during the testimony or accessed by the jury during their deliberations. Assuming the admission of the disk was erroneous (which it was not), the evidence of defendant's guilt was overwhelming and amply supported the jury's findings of guilt against defendant.

evidentiary record before an exhibit, whose admission is not contested, is admitted into evidence.

Mr. Wisenberg did not object to certain business records that the government introduced into evidence at trial. He was not ineffective in failing to do so. The records clearly were admissible, and for Mr. Wisenberg to have insisted upon the calling of custodians to authenticate them may well have irritated the jury. Mr. Wisenberg's decision to accept the admission of these exhibits under the Local Rule was a perfectly sound tactical choice.

3. Alleged Ineffectiveness In Not Objecting To Evidence Pertaining To Brokerage Accounts Opened By Defendant And Used By Defendant To Defraud Investors

Defendant claims that certain evidence linking the defendant to brokerage accounts used to defraud his investors constituted 404(b) evidence. It did not. This evidence assisted in explaining how defendant defrauded investors, and its admission was not objectionable in any way.

A separate order denying defendant's motion is being entered herewith.

_____/s/_____
J. Frederick Motz
United States District Judge